## THE MENOMINEE.

(Circuit Court of Appeals, Second Circuit. April 28, 1924.)

No. 332.

**Salvage ⬅17—None without proof of beneficial service to vessel in distress.**
Vessel in distress is not liable either for strict salvage or services in the nature of salvage, without proof of beneficial services rendered to it, and as cargo on salvor vessel did not aid salved vessel, cargo owner was not entitled to damages from salved vessel for delay.

Appeal from the District Court of the United States for the Southern District of New York.

Libel in admiralty by Swift & Co. against the steamship Menominee, claimed by the Atlantic Transport Company, Limited. From a final decree of the District Court (300 Fed. 461), dismissing libel, libelant appeals. Affirmed.

Lord, Day & Lord, of New York City (Allan B. A. Bradley and Sherman Baldwin, both of New York City, on the brief), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Roscoe H. Hupper, of New York City, and Eugene Underwood, Jr., of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Libelant shipped certain foodstuffs upon the steamship Montana, a vessel which fell in with the Menominee when the latter vessel was in trouble and rendered salvage services; i. e., she towed the Menominee into an English harbor. The towage delayed the Montana, and the delay injured libelant's foodstuffs.

These goods were carried under a bill of lading which specifically gave authority to the carrying vessel to assist vessels in distress and to deviate for the purpose of saving life or property, and contained the further proviso that the carrier should not be liable for "any loss or damage caused by the prolongation of the voyage." It is thus admitted that by contract (not to speak of the Harter Act) the Montana had absolute right to do what she did without any liability to libelant.

This libel is filed to recover libelant's damages on the ground that the Menominee was benefited by the services of the Montana. There is substantially nothing to add to the opinion of A. N. Hand, District Judge, in the court below. This case rests solely on the authority of The Colon, 10 Ben. 60, Fed. Cas. No. 3,024. We think that case stands alone, and it was considered and its doctrine denied in The Persian Monarch (D. C.) 23 Fed. 820. We agree with the remarks of Judge Benedict in the latter case.

On legal principle, this is a salvage claim, or it is nothing. To be sure, salvage includes many demands "in the nature of salvage"; but a vessel in distress cannot be made to respond, either for strict salvage or services in the nature of salvage, unless it be proven that the person making the claim (1) rendered services; and (2) that such

services benefited the vessel in trouble. It is impossible to perceive that Swift & Co.'s food products rendered any services whatever to the Menominee, or that the latter vessel was aided in any way by Swift & Co.'s loss. It does not advance the argument at all to call that loss a sacrifice. The rest of the cases bearing more or less on this subject are all cited in Judge Hand's opinion.

Decree affirmed, with costs.